UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PURPLE SHOVEL, LLC,

    Plaintiff,

v.    Case No. 8:17-cv-1107-T-27AEP

E2I STRATEGY GROUP, INC.,
KENNETH BRADFORD, and
JARED LAWYER,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Motion to Dismiss Amended Complaint (Dkt. 21) and Plaintiff's response in opposition (Dkt. 22). Upon consideration, the motion is **DENIED**.

On May 10, 2015, Plaintiff, a limited liability company, filed a Complaint against Defendants. (Complaint, Dkt. 1). Defendants moved to dismiss the Complaint because it did not adequately plead the existence of subject matter jurisdiction based on diversity of citizenship. (Motion to Dismiss, Dkt. 11); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen.").

Plaintiff filed an Amended Complaint that alleges "Benjamin D. Worrell is the sole member of PURPLE SHOVEL, LLC, and is a resident of the State of Florida" and that includes an Affidavit from Worrell averring "I am the owner and the sole member of Purple Shovel, LLC." (Amended Complaint, Dkt. 16 at ¶ 2); (Worrell Affidavit, Dkt. 16-1 at ¶ 3). The Amended Complaint further alleges that Defendant E21 Strategy Group, Inc. is a Virginia Corporation with its principal place of

business in Virginia, Defendant Kenneth Bradford is a resident of Utah, and Defendant Jared Lawyer is a resident of Virginia. (Amended Complaint, Dkt. 16 at ¶¶ 3-5). Defendants now move to dismiss the Amended Complaint on the grounds that it fails to adequately plead subject matter jurisdiction and that the Court, in fact, lacks subject matter jurisdiction. (Motion to Dismiss, Dkt. 21).

Where a plaintiff asserts subject matter jurisdiction based on diversity of citizenship, it bears the burden of proving diversity. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (citing *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966)). A defendant's attack on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be either facial or factual. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam). A facial attack requires a court to determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and all allegations of the complaint are taken as true for purposes of the motion. *Id.* at 1529. A factual attack challenges the actual existence of subject matter jurisdiction and requires consideration of matters outside of the pleadings, such as testimony and affidavits. *Id.*

Defendants' motion to dismiss attacks Plaintiff's assertion of subject matter jurisdiction primarily on facial grounds. They argue that Plaintiff's allegations are not sufficient to establish that complete diversity of citizenship existed at the time it filed the initial Complaint. (Motion to Dismiss, Dkt. 21 at p. 2). However, Plaintiff's allegation that Worrell, a Florida resident, is its sole member must be accepted as true, *Lawrence*, 919 F.2d at 1529, and the Amended Complaint relates back to the date of the original pleading, FED. R. CIV. P. 15(c). The Amended Complaint, therefore, sufficiently alleges that subject matter jurisdiction existed at the inception of the case.

Defendants also purport to mount a factual attack to subject matter jurisdiction by arguing that "there is nothing in Plaintiff's amended complaint or declaration stating whether and when

2

James D. Brech of Warrenton, Virginia was or ceased to be a member of the Plaintiff." (Motion to Dismiss, Dkt. 21 at p. 2). That argument is unpersuasive. They provide no evidence that Brech was ever a member of Plaintiff. Their evidence consists only of text messages in which Defendants' counsel[1] asks Brech whether he was a member of Plaintiff and Brech responds by stating only: "[a]ll contact through attorney." (Text messages, Dkt. 21-2). Defendants' assertion that Plaintiff failed to specifically allege that Brech, or anyone else for that matter, was not a member is insufficient to create a question of fact about subject matter jurisdiction where Plaintiff's allegations identify Worrell as its "sole" member. Notwithstanding, Plaintiff forecloses any doubt about its membership at the time of the initial Complaint with a second affidavit from Worrell averring that "[s]ince on or before January 30, 2015, I have been the sole member of Purple Shovel, LLC." (Second Worrell Affidavit, Dkt. 22 at p. 7 ¶ 4). Defendants, therefore, failed to establish a facial or factual basis for challenging Plaintiff's assertion of subject matter jurisdiction.

Accordingly, Defendants' Motion to Dismiss Amended Complaint (Dkt. 21) is **DENIED**. Defendants shall file an answer to the Amended Complaint within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** this 31st day of October, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

---

[1] Plaintiff requests that Defendants' counsel Michael Whitticar be admonished because he is participating in the case without being licensed to practice law in the State of Florida and because he is contacting Plaintiff's employees. Plaintiff's request for an admonishment is denied, but Defendants are reminded of the requirements of Middle District of Florida Local Rules 2.01 and 2.02 with respect to attorneys who will be appearing on its behalf in this case.